UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTACORP CAPITAL INC. (n/k/a ATB Capital Markets Inc.),<br><br>     Plaintiff,<br> v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., FINRA REGULATION, INC., F/K/A FINRA DISPUTE RESOLUTION, INC., JOHN C.T. CLOGHESY,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT** |

  Plaintiff AltaCorp Capital Inc. (now known as "ATB Capital Markets Inc.") (hereafter, "AltaCorp Capital" or "Plaintiff"), by and through its attorneys, Troutman Pepper Hamilton Sanders LLP ("Troutman Pepper"), as and for a Complaint against Defendants Financial Industry Regulatory Authority, Inc., FINRA Regulation, Inc., f/k/a FINRA Dispute Resolution, Inc. ("FINRA Regulation") (collectively "FINRA") and John C.T. Cloghesy ("Cloghesy"), alleges as follows:

**NATURE OF ACTION**

  1. This action seeks declaratory relief and to permanently enjoin an arbitration which is currently pending before and administered by FINRA, specifically by FINRA Regulation in New York, New York (the "FINRA Arbitration"), that Defendant Cloghesy commenced against AltaCorp Capital and its subsidiary, AltaCorp Capital (USA) Inc. (now known as ATB Capital Markets USA Inc.) (hereafter, "AltaCorp Capital USA"). The FINRA Arbitration is captioned as, *John C.T. Cloghesy v. AltaCorp Capital (USA) Inc. and AltaCorp Capital Inc.* (FINRA Dispute Resolution Arbitration Number 19-01557).

1

2. The injunctive relief sought in this Complaint is against FINRA, and Plaintiff seeks declaratory and permanent injunctive relief to enjoin FINRA's administration of the FINRA Arbitration solely with respect to AltaCorp Capital as a party.

3. Cloghesy is named as a defendant in this action because Cloghesy is the Claimant in the FINRA Arbitration, claims an interest relating to the FINRA Arbitration, and is so situated that adjudicating this action without notice to Cloghesy and in Cloghesy's absence may impair or impede Cloghesy's ability to protect his interests.

4. Upon information and belief, in the FINRA Arbitration, Cloghesy seeks in excess of $75,000.00 in compensatory damages against AltaCorp Capital.

## PARTIES

5. AltaCorp Capital's primary place of business and headquarters is located in Calgary, Alberta, Canada. AltaCorp Capital is not, and has never been, a FINRA member firm.

6. Defendant Financial Industry Regulatory Authority, Inc. is a private corporation headquartered in Washington, D.C.

7. Defendant FINRA Regulation, Inc. F/K/A FINRA Dispute Resolution, Inc. is a wholly owned subsidiary of Financial Industry Regulatory Authority, Inc. and is headquartered in New York, New York.

8. FINRA is a self-regulatory organization that is registered with and subject to oversight by the United States Securities and Exchange Commission ("SEC") as a national securities association. FINRA has regulatory power, delegated by Congress and through the SEC, pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. (the "Exchange Act"), over its member firms that are registered pursuant to Section 15 of the Exchange Act.

9. Upon information and belief, Cloghesy is an individual natural person residing in Alberta, Canada.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction on the basis of federal question pursuant to 28 U.S.C. § 1331 because FINRA's regulation and arbitral authority over its member firms and registered persons arises under federal law.

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(d) because FINRA maintains offices and operations in New York, New York, including FINRA Regulation's headquarters for the administration of arbitrations. Because this FINRA Arbitration is being administered from New York, New York, the events or omissions giving rise to AltaCorp Capital's claims occurred in substantial part in this district. Additionally, venue is proper in the United States District Court for the Southern District of New York because FINRA Regulation's Director of Dispute Resolution maintains administrative oversight over all FINRA arbitrations, including the FINRA Arbitration, from FINRA Regulation's offices located in New York, New York.

## FACTUAL ALLEGATIONS

**FINRA's Authority to Administer Arbitrations**

12. As enacted by Congress, the Exchange Act requires that persons and entities who wish to use any instrumentality of interstate commerce to transact in securities must join an association of brokers and dealers registered as a national securities association. 15 U.S.C. §78o(a)(1), (b)(1).

13. Registered national securities associations, organized pursuant to the Exchange Act, are further directed to establish membership and conduct rules designed to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade, and to remove impediments to and perfect the mechanism of a free and open market and a national market system, and, in general, to protect investors and the public interest. § 78o-3(b)(6).

14. Since 2007, under the oversight of the SEC and pursuant to the Exchange Act, FINRA has served as a national self-regulatory association for the securities industry.

15. Among other mandates, FINRA oversees and regulates the securities firms that join its membership, and the individuals employed by and/or associated with those firms.

16. FINRA's jurisdiction over disputes between and among and involving its member firms arises from the Exchange Act and the membership contracts between FINRA and its member firms.

17. Upon joining and registering with FINRA, a member firm agrees to comply with FINRA's rules, which are approved by the SEC pursuant to its regulatory authority under § 19(b)(1) of the Exchange Act, as amended. 15 U.S.C. § 78s(b)(1); § 78s(g)(1)(B).

18. Among these SEC-approved rules, FINRA members must comply with FINRA's Code of Arbitration Procedure, including the Code of Arbitration Procedure for Industry Disputes (the "Industry Code"), which governs the mandatory arbitration of disputes between or among FINRA's members.

19. Rule 13200(a) of the Industry Code is entitled "Required Arbitration" and compels FINRA "member" firms and the "associated persons" of those member firms to arbitrate disputes arising out of the business activities of the member firm. The Rule states:

> Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:
> • Members;
> • Members and Associated Persons; or
> • Associated Persons.

20. FINRA Rule 13100(o) defines a "member" as "any broker or dealer admitted to membership in FINRA, whether or not the membership has been terminated or cancelled."

21. The term "Associated Person" is defined in FINRA Rule 131000(r) as:

> (1) A natural person who is registered or has applied for registration under the Rules of FINRA; or
> (2) A sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By–Laws or the Rules of FINRA.

22. Aside from the Required Arbitration provision in Rule 13200(a), the Industry Code does not contain any provision for elective or voluntary arbitration that allows non-members or non-associated persons to voluntarily submit themselves to arbitration before FINRA. Further, the Industry Code, including Rule 13200(a), does not contain any provision that permits an "associated person" or a "member" to initiate a claim against a non-member of FINRA, such as AltaCorp Capital.

23. Similarly, the Industry Code does not contain any provision that allows non-members of FINRA that have formal corporate affiliations with a FINRA member (such as a parent or subsidiary) to arbitrate claims before FINRA. Thus, a determination regarding whether a claim filed with FINRA pursuant to the Industry Code is arbitrable under Section 13200(a) is exclusively governed by whether the dispute is between and among "members" and/or "associated persons."

**Cloghesy's Relationship with AltaCorp Capital**

24. By letter dated September 29, 2017 (the "September 29, 2017 Letter"), AltaCorp Capital offered to Cloghesy a position of employment to work in its Debt Capital Markets group, effective October 11, 2017. The position, which Cloghesy accepted, was based exclusively in AltaCorp Capital's offices headquartered in Calgary, Alberta, Canada. Pursuant to the terms of the September 29, 2017 Letter, Cloghesy was an at-will employee of AltaCorp Capital.

25. Following the commencement of Cloghesy's employment with AltaCorp Capital, on January 4, 2018, Cloghesy obtained a Series 79 securities license (Investment Banking Registered Representative) and became registered with FINRA.

26. The Central Registration Depository ("CRD") is a database operated and maintained by FINRA. Every associated person and member of FINRA is assigned a unique CRD Identification Number by FINRA.

27. Cloghesy's CRD number is 6883402.

28. AltaCorp Capital does not have a CRD number because it is not a member of FINRA.

29. Also, on January 4, 2018, AltaCorp Capital USA – a member of FINRA (CRD No. 155053) and a subsidiary of AltaCorp Capital – registered Cloghesy's Series 79 securities license with FINRA as an associated person of AltaCorp USA.

30. In connection with Cloghesy's newly acquired FINRA registration, he became obligated to comply with FINRA Rules, including the Industry Code.

31. On May 9, 2019, AltaCorp Capital terminated Cloghesy's employment and AltaCorp USA terminated its FINRA-registered association with Cloghesy.

32. At no time was Cloghesy employed by AltaCorp USA.

33. Upon termination of an associated person's registration, FINRA requires member firms to complete and file with FINRA a Form U-5 Uniform Termination Notice for Securities Industry Registration (the "Form U–5) within thirty (30) days of the registration termination. The FINRA member firm must explain the reasons for the termination on the Form U–5. In addition, the Form U-5 contains disclosure questions concerning whether, at the time of termination, the associated person was subject to an internal review for violating investment-related statutes, regulations, rules, or industry standards of conduct including, but not limited to, United States securities laws and/or FINRA rules.

34. On June 7, 2019, following Cloghesy's employment termination by AltaCorp Capital, AltaCorp USA filed with FINRA a Form U-5 notifying FINRA of its termination of Cloghesy's registration and association with AltaCorp USA.

35. Section 3 of this Form U-5 states the reason for AltaCorp USA's termination of the registration, as follows:

> Discharged without cause. Subsequent to discharge, the firm opened an internal review into potential breach of information barriers and incomplete disclosure of outside business activities. Review still pending as of date of this filing.

36. AltaCorp USA also checked "yes" to Question 7B on the Form U-5 which asks whether Cloghesy was under review for "fraud or wrongful taking of property, or violating investment-related statutes, regulations, rules or industry standards of conduct."

37. On July 16, 2019, AltaCorp USA filed with FINRA an amended Form U-5 (the "Amended Form U-5"), which states:

> Concluded that outside business activities appeared to be more extensive than disclosed to the firm. Also identified information security breach, and potential undisclosed conflicts of interest.

7

**The FINRA Arbitration and FINRA's Violations of the Exchange Act**

38. On or around December 31, 2019, Cloghesy commenced the FINRA Arbitration against both AltaCorp USA, a FINRA member, and AltaCorp Capital, a non-FINRA member firm, by filing an initial pleading, known in that forum as a statement of claim (the "Statement of Claim").

39. Among other things, the Statement of Claim asserts causes of action for breach of contract, quantum meruit, interference with prospective business advantage, and defamation purportedly arising from Cloghesy's employment with AltaCorp Capital.

40. As alleged in the Statement of Claim, Cloghesy commenced the FINRA Arbitration pursuant to the Industry Code's Rule 13200(a) for "Required Arbitration" which requires FINRA member firms to arbitrate disputes with other FINRA members or associated persons.

41. AltaCorp Capital is not, and has never been, a FINRA member firm.

42. As a non-FINRA member, AltaCorp Capital is not required to arbitrate before FINRA pursuant to Rule 13200(a).

43. The Industry Code does not contain any provision for elective or voluntary arbitration before FINRA by non-FINRA members, such as AltaCorp Capital.

44. Accordingly, under the Industry Code, AltaCorp is not eligible to arbitrate any claims before FINRA.

45. AltaCorp Capital never executed a Submission Agreement in connection with the FINRA Arbitration through which it volunteered to avail itself of participation in that proceeding.

46. AltaCorp Capital also never entered into any other agreement with FINRA to subject it to FINRA's arbitral jurisdiction.

47. AltaCorp Capital never entered into any agreement with Cloghesy to arbitrate any dispute before FINRA or any other arbitral body.

48. Cloghesy's claims against AltaCorp Capital in the FINRA Arbitration are not arbitrable under the Industry Code on an involuntary or voluntary basis.

49. Pursuant to Rule 13203 of the Industry Code, FINRA Regulation's Director of Dispute Resolution "may decline to permit the use of the FINRA arbitration forum if the Director determines that, given the purposes of FINRA and the intent of the Code, the subject matter of the dispute is inappropriate."

50. Pursuant to Rule 13307(a) of the Industry Code, FINRA Regulation's Director of Dispute Resolution "will not serve any claim that is deficient."

51. Pursuant to Rules 13200(a), 13203, and 13307(a), upon its filing, Cloghesy's Statement of Claim against AltaCorp Capital was not eligible for arbitration. As a consequence of this ineligibility, the filing was deficient, and the Statement of Claim should have been immediately dismissed by FINRA Regulation's Director of Dispute Resolution.

52. Pursuant to Rules 13200(a), 13203, and 13307(a), upon its filing, Cloghesy's Statement of Claim against AltaCorp Capital was not eligible for arbitration. As a consequence of this ineligibility, the filing was deficient, and the Statement of Claim should have been immediately rejected by FINRA Regulation's Director of Dispute Resolution.

53. Because AltaCorp Capital is not a member of FINRA and the Industry Code contains no Rule that (i) requires the mandatory arbitration of non-members; or (ii) permits the voluntary and elective arbitration of claims against non-members, FINRA exceeded its authority and violated § 78s(g)(1)(B) of the Exchange Act by not immediately dismissing or rejecting the Statement of Claim with respect to AltaCorp Capital.

54. In violation of § 78s(g)(1)(B), FINRA failed to articulate a reasonable justification for not dismissing AltaCorp Capital from the FINRA Arbitration.

55. In further violation of the Exchange Act, FINRA failed to require Cloghesy to immediately dismiss the Statement of Claim against non-member AltaCorp Capital. *Id*.

### FINRA's Issuance of the Service Letter and Violation of the Exchange Act

56. Rather than dismissing or rejecting the Statement of Claim, by letter dated, January 6, 2020 (the "Service Letter"), FINRA attempted to serve AltaCorp Capital with Cloghesy's Statement of Claim. The Service Letter and the Statement of Claim are attached hereto as Exhibit A and Exhibit B, respectively.

57. The Service Letter enclosed an arbitration submission agreement (the "Submission Agreement"). The Arbitration Submission Agreement is attached hereto as Exhibit C.

58. The Service Letter states, in relevant part, as follows:

> FINRA sponsors a forum for securities dispute resolution. Our arbitration program administers claims involving customers of brokerage firms and disputes between brokerage firms and their employees. Arbitration is a method of having a dispute between two or more parties resolved by impartial persons. Any type of dispute, claim, or controversy arising out of business dealings with any FINRA firm or registered person can be resolved in arbitration. You have been named as a party in this arbitration, which the claimant(s) filed on December 31, 2019. Attached is a copy of the Statement of Claim filed by the claimant(s). You are not required to arbitrate disputes in the FINRA arbitration forum. In the absence of your voluntary submission to arbitration, FINRA will proceed with this action without your participation and advise claimant(s) to pursue their remedies against you in another forum which does have jurisdiction over the claims against you.
> ***
> If you decide to voluntarily submit to arbitration, you would be required, on or before February 25, 2020, to file with FINRA and serve each party via the DR Portal with a signed and dated submission agreement (form attached) and answer to the statement of claim specifying the relevant facts and available defenses to the statement of claim.

59. The Service Letter's instruction that "FINRA will proceed with this action without [AltaCorp Capital's] participation," is ambiguous and has no legal significance.

10

60. The Service Letter does not assure AltaCorp Capital that an arbitral award will not be issued against it if AltaCorp fails to appear and participate in the proceedings.

61. The Service Letter does not instruct AltaCorp Capital as to how to decline to participate in the FINRA Arbitration, or otherwise provide guidance to AltaCorp Capital respecting how it may opt-out of the proceeding such that it would not be bound by the outcome of it.

62. Because AltaCorp Capital is not a member of FINRA and the Industry Code does not require mandatory arbitration of non-members or permit voluntary arbitration of claims against non-members, FINRA exceeded its authority and violated § 78s(g)(1)(B) of the Exchange Act by serving the Statement of Claim on AltaCorp Capital with the Arbitration Submission Agreement.

**FINRA Orders the Arbitration Panel Selection in the FINRA Arbitration and Violates the Exchange Act**

63. On March 10, 2020, AltaCorp Capital filed with FINRA an Answer (the "Answer") to the Statement of Claim. The Answer is attached hereto as <u>Exhibit D</u>. The Answer requests dismissal of the Statement of Claim against AltaCorp Capital and states in part:

> …although Cloghesy was employed by AltaCorp Capital (the parent company of AltaCorp USA), he cannot recover an award against that entity through this proceeding because AltaCorp Capital is not a FINRA member firm and not subject to FINRA's jurisdiction. In addition, AltaCorp Capital has not availed itself of this arbitral forum by executing a Submission Agreement or otherwise agreeing to serve as a party in this arbitration.

64. AltaCorp Capital did not sign the Arbitration Submission Agreement.

65. Notwithstanding the foregoing, FINRA Regulation's Director of Dispute Resolution, located in New York, New York, did not dismiss AltaCorp Capital from the FINRA Arbitration, reject the Statement of Claim against AltaCorp Capital, or otherwise advise any party

that AltaCorp Capital elected not submit to FINRA's arbitral jurisdiction and was not eligible to participate in the FINRA Arbitration.

66. Rather, FINRA Regulation directed the parties to the FINRA Arbitration, including AltaCorp Capital, to select the arbitrators in order to compose a panel to adjudicate the FINRA Arbitration (the "Arbitration Panel").

67. Because AltaCorp Capital is not a member of FINRA and the Industry Code does not require mandatory arbitration of non-members or permit voluntary arbitration of claims against non-members, FINRA exceeded its authority and violated § 78s(g)(1)(B) of the Exchange Act by instructing AltaCorp Capital to participate in the Arbitration Panel selection process.

68. Ultimately, an Arbitration Panel was selected and finalized for the FINRA Arbitration.

**The Arbitration Panel Dismisses the Statement of Claim against AltaCorp Capital**

69. On May 13, 2020, AltaCorp Capital filed a motion to dismiss with the Arbitration Panel (the "Motion to Dismiss") seeking dismissal of the claims against AltaCorp Capital in the FINRA Arbitration. The Motion to Dismiss is attached hereto as Exhibit E.

70. The Motion to Dismiss repeated AltaCorp Capital's arguments set forth in its Answer – namely that the claims against AltaCorp Capital in the FINRA Arbitration are not arbitrable against AltaCorp Capital because it is not a FINRA member firm.

71. On May 20, 2020, in response to the Motion to Dismiss, Cloghesy filed an opposition (the "Opposition") in which he asserted that AltaCorp Capital should not be dismissed because "AltaCorp elected to participate in this arbitration." The Opposition is attached hereto as Exhibit F. AltaCorp Capital's reply submission (the "Reply") is attached hereto as Exhibit G.

72. On June 30, 2020, the Arbitration Panel issued an Order dismissing AltaCorp Capital from the FINRA Arbitration, and as a sanction, assessed all costs against Cloghesy (the "Dismissal Order"). The Dismissal Order, which is attached hereto as Exhibit H, states, in relevant part, as follows:

> Upon consideration of the facts and arguments presented by the parties, the Panel finds (1) that AltaCorp [Capital] has not voluntarily submitted to arbitration; (2) AltaCorp [Capital] is neither a member nor an Associated Person as required by FINRA Rule 13200. In a 6 January 2020 letter to AltaCorp, FINRA stated:
>
>> You are not required to arbitrate disputes in the FINRA arbitration forum. In the absence of your voluntary submission to arbitration, FINRA will proceed with this action without your participation and advise claimant(s) to pursue their remedies against you in another forum which does have jurisdiction over the claims against you. (Emphasis in original)
>
> The Panel concludes that it does not have jurisdiction over AltaCorp (Canada) [Capital] and that this action should proceed without its participation and Claimant is advised to pursue his remedies against AltaCorp (Canada) in another forum which does have jurisdiction over his claims against AltaCorp (Canada) [Capital]. The Panel is prepared to move forward by scheduling an Initial Prehearing Conference solely including AltaCorp (USA) as Respondent. A motion to dismiss based on failure to comply with any provision in the Code, or any order of the panel or single arbitrator filed under Rule 13212 will be governed by that rule.

73. AltaCorp Capital's: (i) refusal to execute the Submission Agreement; (ii) request for dismissal in the Answer; and (iii) its filing of the Motion to Dismiss, all constitute AltaCorp Capital's good faith and best efforts to inform and educate both FINRA and Cloghesy that FINRA was not a proper forum for the adjudication of the merits of Cloghesy's claims against AltaCorp Capital.

74. Notwithstanding the Arbitration Panel's determination in the Dismissal Order, FINRA itself has not issued any correspondence or other notification dismissing AltaCorp Capital from the FINRA Arbitration.

75. Accordingly, this action is necessary to ensure that FINRA (over which this Court has jurisdiction) will comply with the Dismissal Order of the Arbitration Panel.

76. In order to ensure that FINRA does not contravene, set aside, or ignore the Dismissal Order, AltaCorp Capital filed this action to obtain an Order from this Court that: (i) declares that FINRA lacks jurisdiction over the FINRA Arbitration with respect to AltaCorp Capital because it is a non-FINRA member; (ii) permanently enjoins FINRA from administering the FINRA Arbitration with respect to AltaCorp Capital; (iii) permanently enjoins FINRA from seeking any forum fees or other costs from either AltaCorp Capital or AltaCorp USA in connection with any of the proceedings in the FINRA Arbitration concerning AltaCorp Capital; and (iv) awards AltaCorp Capital its costs of suit if the relief sought in this action is opposed either by FINRA or Cloghesy; and (v) grants such other affirmative or equitable relief the Court deems just and proper.

## CAUSES OF ACTION

### COUNT ONE
### (Declaratory Relief as to Non-Arbitrability, Permanent Injunction, Fees and Costs)

77. Plaintiff hereby repeats and realleges the claims alleged herein in Paragraphs 1 through 76 inclusive, as if the same were set forth here in full.

78. FINRA lacks authority and jurisdiction to administer the FINRA Arbitration under the Industry Code with respect to AltaCorp Capital.

79. Pursuant to Rules 13200(a), 13203, and 13307(a), upon its filing, Cloghesy's Statement of Claim against AltaCorp Capital was not eligible for arbitration. As a consequence of that ineligibility, the filing was deficient, and the Statement of Claim should have been immediately dismissed by FINRA Regulation's Director of Dispute Resolution.

80. Pursuant to Rules 13200(a), 13203, and 13307(a), upon its filing, Cloghesy's Statement of Claim against AltaCorp Capital was not eligible for arbitration. As a consequence of that ineligibility, the filing was deficient, and the Statement of Claim should have been immediately rejected by FINRA Regulation's Director of Dispute Resolution.

81. Because AltaCorp Capital is not a member of FINRA and the Industry Code does not require mandatory arbitration of non-members or permit voluntary arbitration of claims against non-members, FINRA exceeded its authority and violated § 78s(g)(1)(B) of the Exchange Act by not immediately dismissing the Statement of Claim with respect to AltaCorp Capital.

82. FINRA further violated § 78s(g)(1)(B) of the Exchange Act by attempting to serve the Statement of Claim on AltaCorp Capital.

83. FINRA further violated § 78s(g)(1)(B) of the Exchange Act by instructing AltaCorp Capital to execute a Submission Agreement despite the fact that the Industry Code contains no rule which allows for elective and/or voluntary arbitration for non-FINRA members.

84. FINRA further violated § 78s(g)(1)(B) of the Exchange Act by not dismissing the Statement of Claim against AltaCorp Capital upon receipt of AltaCorp Capital's request for dismissal from the FINRA Arbitration as set forth in AltaCorp Capital's Answer.

85. FINRA further violated § 78s(g)(1)(B) of the Exchange Act by instructing AltaCorp Capital to participate in the Arbitration Panel selection process after AltaCorp Capital's request for dismissal was set forth in the Answer.

86. FINRA further violated § 78s(g)(1)(B) of the Exchange Act by instructing AltaCorp Capital to participate in the Arbitration Panel selection process after AltaCorp Capital refused to execute the Arbitration Submission Agreement.

87. FINRA further violated § 78s(g)(1)(B) of the Exchange Act by not dismissing AltaCorp Capital from the FINRA Arbitration consistent with the Arbitration Panel's Dismissal Order.

88. FINRA further violated § 78s(g)(1)(B) of the Exchange Act by failing to instruct Cloghesy to dismiss the Statement of Claim as against AltaCorp Capital.

89. FINRA lacks both express and implied authority and jurisdiction to administer any arbitration proceeding under the Industry Code involving AltaCorp Capital.

90. AltaCorp Capital will suffer irreparable harm unless this Court grants the declaratory and injunctive relief it seeks because: (i) AltaCorp Capital will be subject to the possible likelihood that FINRA will ignore or seek to contravene the Arbitration Panel's Dismissal Order; (ii) AltaCorp Capital will be forced to continue to seek a dismissal from FINRA Regulation despite the fact that AltaCorp Capital never availed itself of FINRA's arbitral forum or the FINRA Arbitration; (iii) AltaCorp Capital will be forced to expend substantial costs, time and resources to protect its interests and risks both the loss of those resources and a possible adverse outcome.

91. The balance of hardship and equities and the public interest weighs heavily in favor of a permanent injunction against FINRA with respect to the continuation of the FINRA Arbitration against AltaCorp Capital because there is a proper judicial forum for the adjudication of the merits of Cloghesy's claims against AltaCorp Capital.

92. As a result of the misuse of FINRA as an arbitration forum, and unless enjoined by this Court, FINRA will continue to cause incalculable and irreparable injury to AltaCorp Capital by the continued maintenance of the FINRA Arbitration wherein AltaCorp Capital remains a named party, for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, AltaCorp Capital is entitled to a judgment against FINRA and Cloghesy:

i. declaring that FINRA lacks jurisdiction over the FINRA Arbitration with respect to AltaCorp Capital because AltaCorp Capital is not a member eligible for arbitration under the Industry Code;

ii. declaring that Cloghesy lacks standing under the Industry Code to proceed in the FINRA Arbitration as against AltaCorp Capital;

iii. temporarily, preliminarily, and permanently enjoining FINRA from administering the FINRA Arbitration with respect to AltaCorp Capital;

iv. ordering that the Statement of Claim as against AltaCorp Capital in the FINRA Arbitration be dismissed with prejudice by FINRA;

v. granting AltaCorp Capital attorney's fees and other costs associated with this action to the extent FINRA or Cloghesy opposes the relief sough in the Complaint; and

vi. granting any such other and further relief as the Court deems just and proper.

Dated: July 7, 2020
New York, New York

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Stephen J. Steinlight*
Ghillaine A. Reid
Stephen J. Steinlight
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6000
Ghillaine. Reid@troutman.com
Stephen.Steinlight@troutman.com

*Attorneys for AltaCorp Capital Inc.*