UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ALTACORP CAPITAL INC., n/k/a ATB Capital
Markets Inc.,

         Plaintiff,

     -v-              20 Civ. 5221 (PAE)

FINANCIAL INDUSTRY REGULATORY      ORDER
INDUSTRY, INC., FINRA REGULATION
INC., f/k/a FINRA Dispute Resolution, Inc.,
and JOHN C.T. CLOGHESY,

         Defendants.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

  This case, as it now stands, concerns the arbitrability of a dispute between a Canadian investment firm, AltaCorp Capital Inc. ("AltaCorp"), and its former employee, John C.T. Cloghesy ("Cloghesy"). Before addressing the merits of that dispute, however, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). AltaCorp argues that the Court lacks subject-matter jurisdiction over Cloghesy's motion to compel because the Federal Arbitration Act ("FAA") does not contain a grant of subject-matter jurisdiction and because Cloghesy's motion presents only state-law claims between two Canadian citizens. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir.2009) (FAA does not confer subject-matter jurisdiction); *F5 Cap. v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017) (no diversity "where the only parties are foreign entities"); Dkt. 34 ("Counterclaims") ¶¶ 1, 8 (Cloghesy and AltaCorp are citizens of Canada). For the most part, Cloghesy concedes all this. *See* Dkt. 53 at 3–6. Instead,

he argues that, despite the Court's lack of original jurisdiction, it should exercise supplemental jurisdiction over his counterclaims and motion to compel.

Neither party, however, discusses a separate possible basis for the Court's subject-matter jurisdiction.  Unlike chapter 1 of the FAA, chapter 2—which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, 9 U.S.C. §§ 201–208 ("New York Convention")—does grant federal courts jurisdiction over motions to compel arbitration.  *See* 9 U.S.C. § 203 ("An action or proceeding falling under the [New York Convention] shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."); *id.* § 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States.").  The New York Convention "applies to an arbitration agreement, like the Agreement[] at issue here, that is commercial and that is not 'entirely between citizens of the United States.'" *Motorolla Credit Corp. v. Uzan*, 388 F.3d 39, 49 (2d Cir. 2004) (quoting 9 U.S.C. § 202).

Here, Cloghesy is a citizen of Canada, and AltaCorp is a Canadian corporation.  *See* Counterclaims ¶¶ 1, 8.  It thus appears that, under the New York Convention, the Court may have subject-matter jurisdiction over at least Cloghesy's motion to compel arbitration in its original, rather than supplemental, jurisdiction.  *See, e.g.*, *Republic of Iraq v. ABB AG*, 769 F. Supp. 2d 605, 609 (S.D.N.Y. 2011), *aff'd sub nom. Republic of Iraq v. BNP Paribas USA*, 472 F. App'x 11 (2d Cir. 2012); *see also GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020) (New York Convention "empowers courts to compel arbitration").

Accordingly, to afford each party the opportunity to be heard on this issue, the Court directs as follows. By January 8, 2021, Cloghesy shall file a supplemental memorandum in support of his motion to compel arbitration and in opposition to AltaCorp's motion to dismiss his counterclaims. By January 15, 2021, AltaCorp shall file a supplemental memorandum in response. The Court does not authorize any reply. Each memorandum shall be limited to discussing the implications, if any, of the New York Convention for the Court's authority to resolve Cloghesy's motion to compel arbitration and related counterclaims, *see* 9 U.S.C. § 203.

Neither memorandum shall exceed 10 double-spaced pages.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 29, 2020
New York, New York